1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY L. JAMISON, | No.  2:13-cv-1639 DAD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JUDGE RICHARDSON et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  For the reasons discussed herein, the court will recommend dismissal of this action.

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5    Cir. 1989); Franklin, 745 F.2d at 1227.

6          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

7    statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

8    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

9    Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

10   However, in order to survive dismissal for failure to state a claim a complaint must contain more

11   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

12   allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

13   U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

14   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

15   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

16   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17          The Civil Rights Act under which this action was filed provides as follows:

18              Every person who, under color of [state law] . . . subjects, or causes
                to be subjected, any citizen of the United States . . . to the
19              deprivation of any rights, privileges, or immunities secured by the
                Constitution . . . shall be liable to the party injured in an action at
20              law, suit in equity, or other proper proceeding for redress.

21   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

22   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

23   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

24   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

25   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

26   omits to perform an act which he is legally required to do that causes the deprivation of which

27   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

28   /////

1    Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

2    their employees under a theory of respondeat superior and, therefore, when a named defendant

3    holds a supervisorial position, the causal link between him and the claimed constitutional

4    violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

5    Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

6    concerning the involvement of official personnel in civil rights violations are not sufficient.  See

7    Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

8                                **PLAINTIFF'S COMPLAINT**

9    In his complaint, plaintiff has identified as defendants Yolo County Superior Court Judge

10   Richardson, Yolo County Deputy District Attorney Ryan Cousins, and Yolo County Court-

11   Appointed Attorney Rodney Beede.  Plaintiff alleges that the defendants denied him his

12   constitutional rights during his criminal prosecution in state court.  Specifically, plaintiff alleges

13   that the defendants forced him to plead guilty and "tossed out" crucial evidence in his case.  In

14   terms of relief, plaintiff seeks monetary damages.  (Compl. at 11 & Attach.)

15                                      **DISCUSSION**

16   The court will recommend dismissal of this action because plaintiff has named defendants

17   who are either entitled to absolute immunity or are not a proper defendant for purposes of a

18   § 1983 action.  Specifically, Judge Richardson is entitled to absolute immunity from damages

19   under § 1983 for acting within the course and scope of judicial duties.  Pierson v. Ray, 386 U.S.

20   547, 553-54 (1967); Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004)

21   ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official

22   capacities").  Similarly, Deputy District Attorney Ryan Cousins is entitled to absolute immunity

23   for engaging "in activities 'intimately associated with the judicial phase of the criminal process.'"

24   Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003) (quoting Imbler v. Pachtman, 424 U.S.

25   409, 430 (1976)).  See also Ewing v. City of Stockton, 588 F.3d 1218, 1233 (9th Cir. 2009);

26   Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) ("Prosecutors are absolutely

27   immune for quasi-judicial activities taken within the scope of their authority.").  Finally, under §

28   1983, plaintiff has a right to be free from violations of constitutional guarantees by those acting

3

1  under color of state law.  Van Ort v. Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).  However,

2  plaintiff's court-appointed attorney Rodney Beede is not a "state actor" for purposes of § 1983.

3  See Miranda v. Clark County, 319 F.3d 465 (9th Cir. 2003) (en banc) (a public defender is not a

4  state actor); see also Briley v. State of California, 564 F.2d 849, 855 (9th Cir. 1977) ("We have

5  repeatedly held that a privately-retained attorney does not act under color of state law for

6  purposes of actions brought under the Civil Rights Act.").  Accordingly, plaintiff's complaint

7  fails to state a claim and should be dismissed.

8      Based on the circumstances of this case, the undersigned concludes that it is clear plaintiff

9  cannot cure the deficiencies of his complaint, and therefore, dismissal of this civil rights action

10 without leave to amend is appropriate.  See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088

11 (9th Cir. 2002) (there is no need to prolong the litigation by permitting further amendment where

12 the "basic flaw" in the underlying facts as alleged cannot be cured by amendment); Lipton v.

13 Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be

14 futile, there was no need to prolong the litigation by permitting further amendment.").

15                                              **CONCLUSION**

16     Accordingly, IT IS HEREBY RECOMMENDED that:

17     1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 9) be denied;

18     2.  Plaintiff's complaint be dismissed for failure to state a cognizable claim for relief; and

19     3.  This action be closed.

20     These findings and recommendations are submitted to the United States District Judge

21 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

22 after being served with these findings and recommendations, plaintiff may file written objections

23 with the court and serve a copy on all parties.  Such a document should be captioned

24 "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

25 /////

26 /////

27 /////

28 /////

4

1   failure to file objections within the specified time may waive the right to appeal the District

2   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   Dated:  July 18, 2014

4

5   _____
    DALE A. DROZD

6   UNITED STATES MAGISTRATE JUDGE

7   DAD:9
    jami1639.56

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5